## WILLIAM B. NELSON *vs.* JOHN W. PIERSON.

A trustee in insolvency cannot employ a professional adviser and charge his compensation to the estate; but where the assistance of counsel is required in prosecuting or defending the interests of *creditors*, compensation therefor is properly payable out of the funds.

APPEAL from the Court of Common Pleas for Baltimore city, sitting in Insolvency.

In this case the appellant preferred a claim against the insolvent estate of James Boon of $100, for professional services rendered the trustee in relation to the trust. The proof in regard to the claim is stated in the opinion of this court. To the allowance of this claim the appellee, another creditor, excepted. The court, (MARSHALL, J.,) allowed the claim to the extent of $25, for services rendered the insolvent in preparing his insolvent papers, and referred the case back to the auditor with directions to allow the claim to this extent only, upon proper proof, remarking that he "did not think it admissible, as a principle, that a trustee should employ counsel in all cases, and especially should retain a permanent counsel, whether required absolutely or not." From this decision Nelson appealed.

The cause was submitted to the court, LE GRAND, C. J., ECCLESTON and TUCK, J., without argument.

TUCK, J., delivered the opinion of this court.

We agree with the Court of Common Pleas, that a trustee in insolvency cannot employ a professional adviser and charge his compensation to the estate. But where the assistance of

counsel is required in prosecuting or defending the interests of the creditors, they are properly payable out of the funds. *Young's Appeal*, 8 *Gill*, 286. The proof shows, that there were many cases before justices of the peace, to all or some of which the appellant attended professionally. We think when the case was remanded to the auditor for further proof of claims, liberty should have been allowed to the appellant to make good his claim, by showing the extent and character of his services and the value thereof. The record will be remanded under the act of 1849, ch. 88, that further proceedings may be had according to the views here expressed. The costs should be paid out of the estate.

*Cause remanded.*